UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
WARREN KING,                        :
                                    :   Civil Action No. 11-4358 (RBK)
            Petitioner,             :
                                    :
    v.                              :   **OPINION**
                                    :
GREG BARTKOWSKI, et. al.,           :
                                    :
            Respondents.            :
_____ :

**APPEARANCES**:

    **WARREN KING**, Petitioner Pro Se
    # 484412/SBI-217
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625

**KUGLER**, District Judge

    This matter is before the Court on petitioner Warren King's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he is challenging his 1978 New Jersey state court conviction and sentence.  For reasons discussed below, it appears from review of the petition papers provided by petitioner that his § 2254 habeas petition is subject to dismissal as time-barred under 28 U.S.C. § 2244(d).[1]

---

    [1] Although the statute of limitations is an affirmative defense, Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002), cert. denied, 124 S.Ct. 48 (2003), it is appropriate for a

I.   PROCEDURAL BACKGROUND

Petitioner, Warren King ("King"), filed a petition for habeas corpus relief on or about July 18, 2011.[2] According to the allegations contained in his petition, King was convicted by jury trial on or about August 9, 1978, in the Superior Court of New Jersey, Law Division, Burlington County on charges of kidnapping, robbery, robbery while armed, and bringing a stolen

---

district court to raise the issue sua sponte prior to ordering an answer.  The Supreme Court held that district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition; however, the district court must accord the parties fair notice and an opportunity to present their positions on the issue of time bar if the record shows that the petition is untimely.  Day v. McDonough, 126 S.Ct. 1675, 1684 (April 25, 2006).

[2] Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court. See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition).  Often times, when the Court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition.  See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition).  Here, King signed his petition on July 18, 2011.  Therefore, the Court will use the date July 18, 2011, for statute of limitation purposes, as the date this habeas action was filed, rather than the date the petition was received by the Court on July 28, 2011.

vehicle into the state.[3]  King was sentenced to a term of 30 to 31 years consecutive term in prison.  (Petition at ¶¶ 1-6).

King filed a direct appeal from his conviction and sentence to the Superior Court of New Jersey, Appellate Division.  On

---

[3] King was indicted on October 18, 1976, as a result of a crime spree in May 1976 when he was traveling from Florida to new York, on charges of possession of a revolver in a public place without having obtained a permit; possession of a revolver with intent to use unlawfully against another; kidnapping; threats to kill; assault with an offensive weapon; robbery; armed robbery; and bringing a stolen motor vehicle into the state.  During his state court pretrial proceedings on this indictment, King had escaped from custody and subsequently engaged in another crime spree, which led to additional indictments on August 26, 1978, on charges of escape; several counts of breaking and entering with the intent to rob and with intent to steal; armed robbery; threats to kill; false imprisonment; assault with an offensive weapon; unlawful use of a dangerous weapon; and possession of a firearm as a convicted person.  King was tried before a jury in July 1978 on the 1976 indictments.  He was convicted of kidnapping and armed robbery.  On August 9, 1978, King was sentenced to an aggregate term of 30 to 31 years in prison to run concurrent to his federal sentence he was then serving for federal kidnapping convictions stemming from his 1976 crime spree.  He appealed this conviction before the Superior Court of New Jersey, Appellate Division, and the Appellate Division affirmed in an unpublished opinion on March 24, 1981.  State v. King, No. A-355-78 (App. Div. March 24, 1981).  King was then tried and convicted on all charges in the 1978 state court indictments in November 1978.  On December 1, 1978, King was sentenced to an aggregate prison term of 17 to 25 years to be served consecutive to his federal sentence.  The Appellate Division affirmed those convictions in an unreported decision filed on April 8, 1981.  State v. King, No. A-1615-78 (App. Div. Apr. 8, 1981).  The procedural history and factual background regarding King's state court criminal proceedings are set forth at length in the Appellate Division's unpublished opinion affirming the denial of King's state post-conviction relief petition.  See State v. King, 2010 WL 4108488 at *1, 2 (N.J. Super. A.D. May 3, 2010).

March 24, 1981, the Appellate Division affirmed the conviction and sentence.  (Petition at ¶¶ 8, 9).  The Supreme Court of New Jersey denied certification on or about June 10, 1981.  State v. Warren King, 87 N.J. 393 (1981).  It does not appear that King filed a petition for a writ of certiorari with the Supreme Court of the United States.

King states that after he was sentenced in state court, he was sent back to federal prison to serve the remainder of his federal sentence.  He was returned to New Jersey in 2004.  (Petition at ¶ 9(c)).  In fact, King was released from federal custody on April 21, 2004, at which time he was transferred to a New Jersey state correctional facility to serve his consecutive state sentence.  He filed a petition for post-conviction relief ("PCR"), pro se, in the Superior Court of New Jersey, Law Division, Burlington County, on October 14, 2004.  See State v. King, 2010 WL 4108488 at *2 (N.J. Super. A.D. May 3, 2010).  The PCR petition was denied on May 3, 2010.  (Petition at ¶ 11(b)(6)).  The New Jersey Supreme Court denied certification on July 19, 2010.

As stated above, King filed this federal habeas petition on July 18, 2011.

## II. STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

## III. STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

was signed into law.  See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J. 1996).

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

The limitations period is tolled, however, during the time a properly filed application for state post-conviction relief is pending.  28 U.S.C. § 2244(d)(2).  An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[4] during the period between

---

[4] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules

a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24. Nevertheless, § 2244(d)(2) does not toll the one year statute of limitations during the pendency of a state prisoner's petition for writ of certiorari in the United States Supreme Court. See Lawrence v. Florida, 549 U.S. 327, 332-33 (2007); Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

Here, King's judgment of conviction became final before the enactment of AEDPA. The judgment of conviction was entered on or about August 9, 1978, and King filed a direct appeal shortly thereafter. On March 24, 1981, the Appellate Division affirmed the conviction and sentence. The New Jersey Supreme Court denied certification on or about June 10, 1981. King did not file a

---

governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar. Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

petition for a writ of certiorari with the Supreme Court of the United States.  Therefore, King's judgment of conviction became final 90 days after June 10, 1981, or on or about September 10, 1981.  See Swartz, 204 F.3d at 419; Morris, 187 F.3d at 337 n.1; U.S. Sup. Ct. R. 13.

Because King's judgment of conviction became final before the date of enactment of AEDPA, King had one year from the date of enactment on April 24, 1996, or until April 24, 1997, to timely file his federal habeas petition under § 2254.

To permit tolling of the one-year limitations period under 28 U.S.C. § 2244(d)(2), King would have had to file his state PCR petition before the one-year period had expired, or before April 24, 1997.  Otherwise, the state PCR petition would not serve to toll the statute of limitations.  In this case, King did not file his state PCR petition until October 14, 2004, more than seven (7) years after the one-year statutory period expired on April 24, 1997.  Consequently, statutory tolling does not apply in this case.

Moreover, King did not file his habeas petition until July 18, 2011, more than 14 years after his limitations period had expired.  Therefore, it would appear from the face of the petition that this habeas action is now time-barred under 28 U.S.C. § 2244(d).

Before the Court can dismiss this action as time-barred, it is appropriate that the parties be given the opportunity to address the issue of timeliness.  See Day v. McDonough, 547 U.S. 198 (2006)(district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition, but must accord the parties fair notice and an opportunity to present their positions).

King may be able to overcome this statutory time bar if he can show that the limitations period did not expire as determined by this Court, or if he can show a basis for equitable tolling. See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005).  The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in

9

attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005). Mere excusable neglect is not sufficient. Id.; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir.), cert. denied, 126 S.Ct. 473 (2005).[5] Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d

---

[5] The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

10

Cir.)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

Therefore, before this Court can dismiss this petition as time-barred, an Order will be issued directing King to show cause why his petition should not be dismissed as time-barred.

## CONCLUSION

For the foregoing reasons, because this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 may be subject to dismissal as time-barred under 28 U.S.C. § 2244(d), the Court will order King to show cause in writing why his petition should not be dismissed as untimely.  An appropriate order follows.


                                    s/Robert B. Kugler
                                    ROBERT B. KUGLER
                                    United States District Judge


DATED: April 18, 2012