```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY

WARREN KING,                      :
                                  :    Civil Action No. 11-4358 (RBK)
               Petitioner,        :
                                  :
          v.                      :    OPINION
                                  :
GREG BARTKOWSKI, et al.,          :
                                  :
               Respondents.       :
```

**APPEARANCES:**

    WARREN KING, Petitioner pro se
    #484412/SBI-217
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625

**KUGLER**, District Judge

    Petitioner Warren King, a convicted state prisoner presently confined at the New Jersey State Prison in Trenton, New Jersey, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1978 New Jersey state court conviction and sentence.  For the reasons stated herein, the Petition will be dismissed as time-barred.

I. PROCEDURAL BACKGROUND

Petitioner, Warren King ("King"), filed a petition for habeas corpus relief on or about July 18, 2011.[1] According to the allegations contained in his petition, King was convicted by jury trial on or about August 9, 1978, in the Superior Court of New Jersey, Law Division, Burlington County on charges of kidnapping, robbery, robbery while armed, and bringing a stolen

---

[1] Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court. See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition). Often times, when the Court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition. See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition). Here, King signed his petition on July 18, 2011. Therefore, the Court will use the date July 18, 2011, for statute of limitation purposes, as the date this habeas action was filed, rather than the date the petition was received by the Court on July 28, 2011.

vehicle into the state.[2]  King was sentenced to a term of 30 to 31 years consecutive term in prison.  (Petition at ¶¶ 1-6).

King filed a direct appeal from his conviction and sentence to the Superior Court of New Jersey, Appellate Division.  On March 24, 1981, the Appellate Division affirmed the conviction

---

[2] King was indicted on October 18, 1976, as a result of a crime spree in May 1976 when he was traveling from Florida to new York, on charges of possession of a revolver in a public place without having obtained a permit; possession of a revolver with intent to use unlawfully against another; kidnapping; threats to kill; assault with an offensive weapon; robbery; armed robbery; and bringing a stolen motor vehicle into the state.  During his state court pretrial proceedings on this indictment, King had escaped from custody and subsequently engaged in another crime spree, which led to additional indictments on August 26, 1978, on charges of escape; several counts of breaking and entering with the intent to rob and with intent to steal; armed robbery; threats to kill; false imprisonment; assault with an offensive weapon; unlawful use of a dangerous weapon; and possession of a firearm as a convicted person.  King was tried before a jury in July 1978 on the 1976 indictments.  He was convicted of kidnapping and armed robbery.  On August 9, 1978, King was sentenced to an aggregate term of 30 to 31 years in prison to run concurrent to his federal sentence he was then serving for federal kidnapping convictions stemming from his 1976 crime spree.  He appealed this conviction before the Superior Court of New Jersey, Appellate Division, and the Appellate Division affirmed in an unpublished opinion on March 24, 1981.  State v. King, No. A-355-78 (App. Div. March 24, 1981).  King was then tried and convicted on all charges in the 1978 state court indictments in November 1978.  On December 1, 1978, King was sentenced to an aggregate prison term of 17 to 25 years to be served consecutive to his federal sentence.  The Appellate Division affirmed those convictions in an unreported decision filed on April 8, 1981.  State v. King, No. A-1615-78 (App. Div. Apr. 8, 1981).  The procedural history and factual background regarding King's state court criminal proceedings are set forth at length in the Appellate Division's unpublished opinion affirming the denial of King's state post-conviction relief petition.  See State v. King, 2010 WL 4108488 at *1, 2 (N.J. Super. A.D. May 3, 2010).

and sentence.  (Petition at ¶¶ 8, 9).  The Supreme Court of New Jersey denied certification on or about June 10, 1981.  State v. Warren King, 87 N.J. 393 (1981).  It does not appear that King filed a petition for a writ of certiorari with the Supreme Court of the United States.

King states that after he was sentenced in state court, he was sent back to federal prison to serve the remainder of his federal sentence.  He was returned to New Jersey in 2004.  (Petition at ¶ 9(c)).  In fact, King was released from federal custody on April 21, 2004, at which time he was transferred to a New Jersey state correctional facility to serve his consecutive state sentence.  He filed a petition for post-conviction relief ("PCR"), pro se, in the Superior Court of New Jersey, Law Division, Burlington County, on October 14, 2004.  See State v. King, 2010 WL 4108488 at *2 (N.J. Super. A.D. May 3, 2010).  The PCR petition was denied on May 3, 2010.  (Petition at ¶ 11(b)(6)).  The New Jersey Supreme Court denied certification on July 19, 2010.

As stated above, King filed this habeas petition on or about July 18, 2011.  Upon initial screening of the petition, it appeared from the face of the petition that it may be have been untimely filed.  Specifically, this Court observed that King filed his state PCR petition more than seven years after his one-year statute of limitations for filing a federal habeas petition had expired, and thus, statutory tolling under 28 U.S.C. §

4

2244(d)(2) was not available to King. Accordingly, in an Opinion and Order entered on April 19, 2012, this Court issued an Order directing King to show cause in writing why his petition should not be dismissed as time-barred under 28 U.S.C. § 2244(d). (Docket entry nos. 2 and 3).

On or about May 14, 2012, King responded to the Court's Order to Show Cause. He also filed a motion for appointment of counsel. (Docket entry nos. 4 and 5). In his response, King provides no excuse to allow equitable tolling of his statutory deadline for filing a federal habeas petition, other than to say that he had been confined in federal prison until April 2004, when he arrived at the New Jersey State Prison and counsel was appointed for him to file his state PCR petition. King offers no explanation as to why he was unable to file his state PCR petition for the period of 1996 through October 2004, when it was eventually filed.

## II.  STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399

5

U.S. 912 (1970). Because King is a pro se litigant, the Court will accord his petition the liberal construction intended for pro se petitioners.

### III.  STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d),[3] which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J. 1996).  The Third Circuit has ruled that state prisoners whose convictions became final before the April 24, 1996 enactment of AEDPA are permitted one year, until April 23, 1997, in which to file a federal habeas petition under § 2254.  See Burns, 134 F.3d at 111.  See also Lindh v. Murphy, 521 U.S. 320, 326-27

---

[3] The limitations period is applied on a claim-by-claim basis.  See Fielder v. Verner, 379 F.3d 113 (3d Cir. 2004), cert. denied, 543 U.S. 1067 (2005); Sweger v. Chesney, 294 F.3d 506 (3d Cir. 2002).

6

(1997)("[t]he statute reveals Congress' intent to apply the amendments to chapter 153 only to such cases as were filed after the statute's enactment").

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

As noted above, where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition.  Burns, 134 F.3d at 111.  However, that limitations period is tolled during the time a properly filed application for state post-conviction relief is pending.  28 U.S.C. § 2244(d)(2).  An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled,

7

from the time it is "properly filed,"[4] during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24. See also Evans v. Chavis, 546 U.S. 189, 191 (2006)("The time that an application for state post conviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law."). Nevertheless, § 2244(d)(2) does not toll the one year statute of limitations during the pendency of a state prisoner's petition for writ of certiorari in the United States Supreme Court. See Lawrence v. Florida, 549 U.S. 327, 332-33 (2007); Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

---

[4] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar. Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted). Courts should give deference to the state court's determination of the timeliness of a state PCR petition. Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003); Darden v. Sobina, 2012 WL 1418168 (3d Cir. April 25, 2012).

Here, King's judgment of conviction became final before the enactment of AEDPA.  The judgment of conviction was entered on or about August 9, 1978, and King filed a direct appeal shortly thereafter.  On March 24, 1981, the Appellate Division affirmed the conviction and sentence.  The New Jersey Supreme Court denied certification on or about June 10, 1981.  King did not file a petition for a writ of certiorari with the Supreme Court of the United States.  Therefore, King's judgment of conviction became final 90 days after June 10, 1981, or on or about September 10, 1981.  See Swartz, 204 F.3d at 419; Morris, 187 F.3d at 337 n.1; U.S. Sup. Ct. R. 13.

Because King's judgment of conviction became final before the date of enactment of AEDPA, King had one year from the date of enactment on April 24, 1996, or until April 24, 1997, to timely file his federal habeas petition under § 2254.

To permit tolling of the one-year limitations period under 28 U.S.C. § 2244(d)(2), King would have had to file his state PCR petition before the one-year period had expired, or before April 24, 1997.  Otherwise, the state PCR petition would not serve to toll the statute of limitations.  In this case, King did not file his state PCR petition until October 14, 2004, more than seven (7) years after the one-year statutory period expired on April 24, 1997.  Consequently, as explained in this Court's April 19, 2012 Opinion, statutory tolling does not apply in this case.  To

overcome the statutory bar, King would have to provide relevant facts to support relaxation of the time bar by equitable tolling.

In his response to the Court's Order to Show Cause, King fails to overcome this statutory time bar.  He raises an equitable tolling argument, but it fails to satisfy the stringent requirements for equitable tolling to apply.  See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Lawrence, 549 U.S. at 336; Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005); Merritt, 326 F.3d at 168.  See also Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2562 (June 14, 2010)(holding that the one-year limitations period under AEDPA is subject to equitable tolling "in appropriate cases," where the petitioner demonstrates (1) that he has been pursuing his rights diligently, and (2) that some "extraordinary circumstances stood in his way and prevented timely filing").

The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from

10

filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005). However, the court cautioned that courts should use the equitable tolling doctrine "sparingly," "only in the rare situation where it is demanded by sound legal principles as well as the interest of justice." Lacava, 398 F.3d at 275 (3d Cir. 2005). A mere showing of "excusable neglect is not sufficient" to warrant equitable tolling. Id. at 276; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir.), cert. denied, 546 U.S. 957 (2005).[5] Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between

---

[5] The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

11

the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

Here, King argues simply that the time bar should be relaxed based on excusable neglect because he had been confined in federal prison until April 2004. He does not articulate any claim or argument to show diligent effort in pursuing his rights, that he was actively misled by the State or courts in any way, or that he was prevented from filing a timely petition for more than seven years due to some extraordinary circumstances. See Brinson v. Vaughn, 398 F.3d at 230; Jones, 195 F.3d at 159. Indeed, this Court takes notice of King's state court decision denying his state PCR petition as untimely. There, the Appellate Division found:

> We are satisfied that the judge properly denied defendant's ineffective assistance claims as time-barred under R. 3:22-12.[6] The fact that defendant was incarcerated in federal prison until 2004 does not constitute "excusable neglect" sufficient to warrant relaxation of that bar.

---

[6] Applicable in this instance, N.J.Ct.R. 3:22-12(a)(1) provides that the first PCR petition must be filed no "more than 5 years after the date of entry pursuant to Rule 3:21-5 of the judgment of conviction that is being challenged unless it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in fundamental justice."

12

State v. King, 2010 WL 4108488, *4 (N.J. Super. A.D. May 3, 2010).

King also fails to excuse his untimeliness on a claim of miscalculation of the statutory limitations period, although it would appear that this most likely is the basis for King's untimeliness. However, even if King had raised such an argument in response to the Court's Order to Show Cause, it would not have saved his petition from a time-bar determination. Miscalculation of the limitations or the remaining time on a limitations period does not constitute extraordinary circumstances to permit equitable tolling. Fahey, 240 F.3d at 244; see also Johnson v. Hendricks, 314 F.3d 159, 161, 163 (3d Cir. 2002), cert. denied, 538 U.S. 1022 (2003). Moreover, even if King was ignorant of the fact that his one-year limitations period began to run on April 24, 1996, when AEDPA became effective, because his state court judgment of conviction became final before the enactment of AEDPA, ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing. Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001). Courts have been loathe to excuse late filings simply because a pro se prisoner misreads the law. Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001)("While judges are generally lenient with pro se litigants, the Constitution does not require courts to undertake heroic measures to save pro se

13

litigants from the readily foreseeable consequences of their own inaction."); see also Jones, 195 F.3d at 159-60.

In sum, King offers no legitimate excuse, extraordinary or otherwise, to warrant application of equitable tolling. See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Therefore, the Court concludes that the habeas petition is time-barred and this habeas petition will be dismissed with prejudice accordingly.

### IV. CERTIFICATE OF APPEALABILITY

The Court next must determine whether a certificate of appealability should issue. See Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the

district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id. For the reasons discussed above, this § 2254 habeas petition is clearly time-barred.  The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion.  Consequently, a certificate of appealability will not be issued.

## CONCLUSION

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d).  No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2).  In addition, because the petition is dismissed with prejudice, King's motion for appointment of counsel (Docket entry no. 4) will be denied as moot.  An appropriate order follows.

```
                                       s/Robert B. Kugler
                                       ROBERT B. KUGLER
                                       United States District Judge
DATED: October 16, 2012
```